# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| **Glynndeavin von Fox,** ) | **Case No. 2:16-cv-181-RMG-MGB** |
| ) | |
| **Plaintiff,** ) | |
| v.       ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Dr. Randolph Waid, PhD,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the ninth of many civil actions Plaintiff recently filed in this Court, Plaintiff sues Dr. Randolph Waid, PhD, complaining about his evaluation and proceedings in the Berkeley County Family Court.[1] Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

## I.  Relevant Law

### A. Liberal Construction for *Pro se* filings

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v.*

---

[1] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv-394.

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

*Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co*., 335 U .S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *affirmed by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because

her allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009). Prior to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted

In his IFP motion dated January 15, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm, LLC" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id*. ¶ 3). He did not check boxes (c) and (f). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id*.). He indicates that he has $700.00 in his bank account. (*Id*. ¶ 4).[3] Plaintiff also indicates he has assets valued at $140,000.00. (*Id*. ¶ 5).

Plaintiff indicates he has no expenses for "housing, transportation, utilities, or loan payments, or other regular monthly expenses" and no debts or other financial obligations. (*Id.* ¶¶

---

[3] In the many different cases filed by Plaintiff in this Court so far in 2016, his different IFP motions indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Additionally, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

6, 8). Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts, which suggests that he has the ability to pay the filing fee in this case (and other cases). *See Justice*, 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee in this case. (*Id.* at *5, "the court does not agree that plaintiff is actually impoverished," thus denying IFP status and dismissing four civil lawsuits by the same *pro se* plaintiff). This case should therefore be dismissed. 28 U.S.C. § 1915(e)(2)(A); *see also Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Justice,* 2012 WL 1801949 at *6 n. 5.[4] *See, e.g., Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice; plaintiff was not entitled to proceed IFP); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (same).

### B. The Complaint Fails to State a Basis for Subject Matter Jurisdiction, Fails to State a Claim, and is Legally and Factually Frivolous

In addition to not being entitled to proceed IFP, Plaintiff has filed a Complaint that lacks any basis for federal jurisdiction, fails to state a claim against the defendant, and is factually and legally frivolous.

---

[4] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288 F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appears "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice is appropriate.

Plaintiff's Complaint is devoid of any facts or allegations that would suggest any basis for federal question jurisdiction or federal diversity jurisdiction. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). A federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also Carter v. Ervin*, Case No. 0:14–cv–00865–TLW-PJG, 2014 WL 2468351, *3 (D.S.C.) ("the court possesses the inherent authority to ensure that … federal jurisdiction exists"), *appeal dismissed*, 585 F.App'x 98 (4th Cir. 2014); *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Complaint does not mention any federal law, and the factual allegations of the Complaint reflect that this matter is not one that "aris[es] under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331.

In his own words, Plaintiff alleges three "issues" as follows: 1) "The first issue with Dr. Randolph Waid, Ph.D. started when I entered his office for a Berkeley Family Court preceding (sic) that was agreed upon on July 21st, 2015. I went through the testing to have a report that shows that I do not have an anger issue in the testing. I assume that this was not what Dr. Waid had wanted in the testing, as he mentioned numerous times that I was being defensive regarding the testing;" 2) "The second issue with Dr. Waid is the issue concerning my maternal lineage when understanding parental aspects. I have no idea why Dr. Waid did not include my paternal lineage that we talked about for quite some time regarding 13th century Buckinghamshire, UK. This is where my paternal lineage came from before disembarking in the 17th century for the Virginia Company (London Company). The using of my maternal lineage in a document submitted as a

parental evaluation discriminates against me…;" and 3) "The last issue with Dr. Waid is with false reporting. The things in the parental evaluation are simply not what I said…" (DE# 1 at 4-5).

Even if Plaintiff's Complaint is liberally construed as attempting to sue Dr. Waid under 42 U.S.C. § 1983, such claim would be subject to summary dismissal because purely private conduct is not actionable under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982). Private activity is generally not "state action." *DeBauche v. Trani*, 191 F.3d 499, 506-07 (4th Cir. 1999). "[I]t is well settled that a witness in a state court proceeding cannot be sued under 42 U.S.C. § 1983 because a witness does not act under color of state law." *Myers v. McKnight*, Case No. 2:10–3259–RMG–RSC, 2011 WL 221867 (D.S.C. Jan. 5, 2011), *adopted by* 2011 WL 219847 (D.S.C. Jan. 24, 2011); *see also Curry v. Young*, Case No. 2:11–01687–HFF–PJG, 2011 WL 5403353 (D.S.C. Aug. 23, 2011), *adopted by* 2011 WL 5403299 (D.S.C., Nov. 8, 2011) (dismissing with prejudice as "frivolous"). Plaintiff's claims based on Dr. Waid's allegedly false testimony/report must be dismissed because Dr. Waid was not acting under color of state law when he testified and reported to the Family Court. "[W]itnesses who testify at trial are not acting under color of state law." *Bennett v. Passic*, 545 F.2d 1260, 1264 (10th Cir.1976) ("the trial judge alone had the duty and power to determine what portions of the witnesses' testimony should be admitted or excluded; thus none of these defendants in testifying could have violated plaintiff's civil rights and any claim that they did so by virtue of their testimony is frivolous").

Although Plaintiff appears to disagree with the psychiatric evaluation performed by Dr. Waid for the Berkeley County Family Court, any trial testimony by Dr. Waid is subject to absolute witness immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 327-46 (1983); *San Filippo v. U.S. Trust Co. of N.Y.*, 737 F.2d 246, 254 (2d Cir.1984), *cert. denied*, 470 U.S. 1035 (1985). Any claims

arising out of Dr. Waid's trial testimony are therefore subject to dismissal. Trial witnesses enjoy absolute immunity from civil suit for statements they make under oath as witnesses. *Burke v. Miller*, 580 F.2d 108, 110 (4th Cir.1978) (stating the rule of witness immunity from civil suit, and observing that such principle was supported by a "plethora of precedent"), *cert. denied*, 440 U.S. 930 (1979); *Hunt v. Wilson*, Case No. No. 2:12–3336–JFA–BHH, 2013 WL 4496066 (D.S.C. Aug. 20, 2013) (summarily dismissing on such basis); *Farris v. Morgan,* 2011 WL 3758421, *1 (*N.D.W.Va. Aug.24, 2011) (same, concluding that plaintiff failed to state a claim under 42 U.S.C. § 1983), *adopted by*, 2011 Wl 3758421 (N.D.W.Va. Aug. 24, 2011).

Many of the Complaint's allegations are also nonsensical and appear to be the "ramblings of a troubled mind." *See, e.g., Arledge v. Hall,* 2006 WL 1518915, *1 (S.D.Ga. May 31, 2006) ("these various complaints are utterly fanciful and are clearly the product of a troubled mind that is … having difficulty grappling with reality"). For example, Plaintiff alleges that "this is the intimidation and harassment aspect regarding a sovereign foreign country, and no matching legal system to the United States of America. This is because the country of Japan has no separation of church and state, a lay judge system (With ability to gain access to the bench without a degree in the law.), and an appointment of judges by a monarchy." (DE# 1 at 4, punctuation as in original).

Finally, the *pro se* Plaintiff seeks relief that is not available or appropriate. (DE# 1 at 7, "What I Would Like the Court to Do"). For example, he asks the Court "to prosecute Dr. L. Randolph Waid." This Court hears cases, it does not "prosecute" parties on behalf of another party. Plaintiff miscomprehends the function of the Court. Additionally, Plaintiff states that he would "like to have discovery in the communications with Sean Keefer, Esq., MUSC, Dr. Nava, or any person that is a party to the case." Plaintiff is responsible for his own discovery, and in any event, he is apparently referring to discovery in the family court proceeding. This federal court does not

control proceedings in other courts. Finally, Plaintiff indicates that "I would ask the award to be 6.1 Million USD in real estate in Washington DC if found in my favor." (*Id*.). This Court does not award "real estate" as damages.

### III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 12, 2016
Charleston, South Carolina

The plaintiff's attention is directed to the ***Important Notice*** on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).